ARCHIBALD G. DELANY *vs.* LOUISE KNIGHT.

NOVEMBER 2, 1906.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Exceptions. Certiorari.*

Upon the coming in of an auditor's report, the record reciting the reference was amended; judgment entered for the plaintiff, and defendant's claim of jury trial denied. Defendant claimed exceptions to the decision for the

plaintiff; to the amendment of the record; to the entry of judgment and denial of claim for jury trial; which bill of exceptions was allowed.

*Quære:* there being no allegation of error in the decision, but the complaint involving subsequent proceedings, which, if erroneous, might be reviewed on *certiorari,* if defendant had pursued the proper remedy in bringing the questions before the court.

(2)   *Amendment of Record.   Auditor's Report.*

An order of reference to an auditor in the Superior Court recited that it was made "upon motion of court." After the coming in of the report, the record was amended by substituting the words "by agreement of parties."

*Held,* no error, since it is the right and duty of the court to correct its records to conform to the facts.

EXCEPTIONS to rulings of Superior Court, on facts fully set out in the opinion. Exceptions dismissed.

DOUGLAS, C. J. This is an action of assumpsit, brought in the Superior Court, October 7, 1905. It was assigned for jury trial December 19th, and on the latter day, on suggestion of the court that it seemed to be a proper case for an auditor, the parties, after conference with each other, agreed that it should be so referred. The order of reference recited that it was made "upon motion of court." The auditor's report was received February 16, 1906, and confirmed March 10, 1906. The plaintiff thereupon moved for judgment, and within two days thereafter the defendant filed a claim for jury trial. The motion for judgment was denied, as not supported by the record, and the plaintiff moved to amend the record to conform to the fact. This motion was supported by affidavits and by the recollection of the judge who had entered the order of reference, and the court directed the recital of the order to be amended by substituting the words "by agreement of parties" for the words "upon motion of court." Thereupon judgment was entered for the plaintiff in accordance with the report of the auditor, and the defendant's claim for jury trial was denied.

The defendant claimed exceptions to the decision for the plaintiff, to the amendment of the record, to the entry of judgment, and to the denial of her claim for jury trial, and within the time allowed by the court after the decision filed her bill of exceptions therein, and now brings the same to this court,

alleging that these several proceedings of the Superior Court were erroneous.

It is not clear that, under the court and practice act, the defendant has pursued the proper course to bring these questions before this court. She does not now allege any error in the decision, but complains of subsequent proceedings which, if erroneous, might be reviewed on *certiorari*; but as the bill of exceptions has been allowed and the record transmitted to us by the court below, and the question raised is fundamental to the exercise of the functions of the court, we think it best to answer it plainly.

(2)     The only real question involved in the case is whether the court erred in causing the record to be amended, for the statute provides as follows (court and practice act): "SEC. 415. Whenever a cause is at issue in the superior court, in any way involving accounts, the court, of its own motion, or on application of either party in a proper case, may appoint one or more auditors to hear the parties, examine their vouchers and evidence, state accounts, and report upon such matters therein as may be ordered by the court." . . . "SEC. 422. The court, upon the reception of the report, if no cause be shown against the allowance of the same, shall render a decision thereon which shall be final, unless within two days thereafter the plaintiff or defendant shall, in writing, file with the clerk of court in which said cause is pending, a demand for jury trial, if the same has not been waived. SEC. 423. Every reference to referees or auditors under the provisions of this chapter, when made by agreement of all the parties, shall be deemed a waiver of any claim for jury trial;" and as the record stands after amendment, the duty of the court to enter judgment was clear.

The right and duty of a court generally to amend an error in its records, so as to make the record conform to the fact, can not be doubted.

In *Hudson* v. *Fishel*, 17 R. I. 69, 70, the court say: "Courts are not wholly dependent on the statute, but have power at common law to amend their records, or to allow them to be amended, for the correction of errors or omissions therein, until

judgment has been signed.   I Com. Dig. 590, n. a.;  3 Bl. Com. 407."

In *Smith* v. *Whaley*, 27 R. I. 185, 189, the court quote with approval from *Frink* v. *Frink*, 43 N. H. 508, as follows: "Every court exercising a continuing jurisdiction—having an office for the preservation of its records, and the charge of those records by a proper officer—has, by law, an implied authority to amend its records to make them conform to the facts and truth of the case,  .  .  .   and this may be done at any time as well after as during the term."

The uniform current authority is in accord with these cases.

The defendant's bill of exceptions is dismissed, and the cause is remanded to the Superior Court for further proceedings to enforce the judgment.

*John W. Hogan and Philip S. Knauer*, for plaintiff.

*J. Jerome Hahn*, for defendant.